UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TELAMON CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| THE CHARTER OAK FIRE ) | 1:13-cv-00382-RLY-DML |
| INSURANCE COMPANY, and ) | |
| TRAVELERS CASUALTY AND ) | |
| SURETY COMPANY OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON CHARTER OAK FIRE INSURANCE COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Charter Oak issued the plaintiff, Telamon Corporation, a "Commercial Insurance Custom Insurance Policy" that provides coverage for risks of direct physical loss. As alleged in Telamon's Complaint, Telamon's loss at issue, estimated at over Five Million Dollars, arose from the theft of Telamon's inventory and personal property by J.B., a natural person allegedly leased to Telamon from a labor leasing firm. After conducting an investigation, Charter Oak denied coverage for Telamon's loss. This lawsuit for breach of contract and bad faith denial of insurance coverage followed.

Charter Oak now moves for judgment on the pleadings, on grounds that Telamon's Complaint relies only upon the "dishonest acts" exclusion of the policy, and that J.B.'s "dishonest act" precludes coverage. For the reasons set forth below, the court **DENIES** Charter Oak's motion.

1

Federal Rule of Civil Procedure 12(c) authorizes a judgment on the pleadings "after the pleadings are closed but within such time as not to delay trial." FED. R. CIV. P. 12(c). A motion for judgment on the pleadings is subject to the same standard of review as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004). The court accepts all well-pleaded allegations in the complaint as true, and draws all reasonable inferences in favor of the plaintiff, the nonmoving party. *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004). While a complaint need only contain a "short plain statement of the claim," FED. R. CIV. P. 8(a)(2), it must also "give the defendant fair notice of what the plaintiff's claim is and grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (U.S. 1957). In other words, it must contain sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466, 472 (7th Cir. 2007). With those standards in mind, the court now turns to the merits of Charter Oak's motion.

As noted above, Charter Oak argues that Telamon pleaded itself out of court by relying on the "dishonest acts" exclusion in pleading coverage for its loss. The Policy exclusion at issue, located in the section of the Policy entitled "Deluxe Property Coverage Form" provides, in pertinent part:

> **B.** **EXCLUSIONS**
>
> **1.** We will not pay for loss or damage caused directly or indirectly by any of the following.
>
> > **d.** Dishonest or criminal act by you, any of your partners, employees (including leased employees),

2

>> directors, trustees, authorized representatives or anyone (other than a carrier for hire or bailee) to whom you entrust the property for any purpose . . . . [T]heft by employees is not covered.

(Policy, Plaintiff's Ex. A, Exclusion Section (B)(2)(d)).

In fairness to Telamon, Telamon's Complaint does allege that the Charter Oak Policy provides coverage for employee theft. (*See, e.g.,* Compl. ¶¶ 7, 36). Although the Complaint does not cite to a specific provision that grants coverage for employee theft, the Policy itself contains an endorsement entitled "Crime Additional Coverages" that modifies the insurance under the Deluxe Property Coverage Form, as follows:

### CRIME ADDITIONAL COVERAGES

> **1.    Employee Theft**
>    **a.**    We will pay for loss of or damages to "money", "securities" and other personal property not otherwise excluded, that you own, lease or hold for others, resulting directly from theft committed by an "employee", to your deprivation, whether the "employee" is identified or not and whether the "employee" is acting alone or in collusion with other persons.

(Policy, Plaintiff's Ex. A, Crime Additional Coverages endorsement, at 1). The endorsement defines "employee" to include "any natural person who is leased to you under a written agreement." (*Id.* at 7). The significance of this endorsement is that it appears to override the "dishonest acts" exclusion and provides coverage for employee theft up to $10,000. (Policy, Plaintiff's Ex. A, Crime Additional Coverages Endorsement Schedule).

Reading Telamon's Complaint in the light most favorable to it, J.B., who was "leased" to Telamon from a labor leasing firm, may fall within the definition of

3

"employee" under the endorsement set forth above. Thus, Telamon's allegation that "Telamon owed a duty to indemnify Telamon up to the limits of coverage available for the subject theft/fraud loss" raises a right to relief beyond the speculative level. Accordingly, on that ground, Charter Oaks' Motion for Judgment on the Pleadings (Docket # 32) is **DENIED**.

**SO ORDERED** this 20th day of August 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.