UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TELAMON CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| THE CHARTER OAK FIRE ) | 1:13-cv-00382-RLY-DML |
| INSURANCE COMPANY, and ) | |
| TRAVELERS CASUALTY AND ) | |
| SURETY COMPANY OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON TELAMON'S MOTION TO DISQUALIFY COUNSEL**

In 2011, Telamon Corporation discovered that an individual leased to Telamon stole more than Five Million Dollars of inventory from Telamon. Telamon notified its insurance carriers, The Charter Oak Fire Insurance Company and Travelers Casualty and Surety Company of America (collectively "Insurers"), of the loss and a claims investigation followed. Ultimately, Charter Oak and Travelers denied coverage. In this case, Telamon alleges that the Insurers' denial of coverage was improper and in bad faith. Telamon now moves to disqualify Charter Oak's counsel, Michele A. Chapnick and Richard K. Shoultz, and Travelers' counsel, Arthur N. Lambert and Christie M. Bird, on grounds that they will likely be material witnesses at the trial of this matter given their intimate involvement in the claims investigation process.

1

In support of their motion, Telamon relies upon Indiana Trial Rule of Professional Conduct 3.7, which provides:

>   (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>   (1) the testimony relates to an uncontested issue;
>   (2) the testimony relates to the nature and value of legal services rendered in the case; or
>   (3) disqualification of the lawyer would work substantial hardship on the client.

Telamon recognizes that Rule 3.7 only applies once a lawyer is called as a witness at trial, and therefore, its motion is "somewhat premature" at this stage of the case. Nevertheless, due to counsels' involvement in "the exhaustive, expensive and unnecessarily long claim investigation process," Telamon contends Insurer's counsel will be necessary witnesses at trial, and seeks an order from the court "holding that no deposition testimony taken by [Insurers' counsel] shall be permitted into evidence at trial in the event these attorneys are witnesses at trial."

A necessary witness for purposes of Rule 3.7 is one who possesses material information – i.e., one who possesses relevant personal knowledge that is not obtainable elsewhere. *Knowledge A-Z, Inc. v. Sentry Ins.*, 857 N.E.2d 411, 418 (Ind.Ct.App. 2006) ("A necessary witness is not the same thing as the 'best' witness. If the evidence that would be offered by having an opposing attorney testify can be elicited through other means, then the attorney is not a necessary witness.").

There is no evidence at this early stage of the proceedings that Insurers' counsel possesses information regarding the claims investigation process that will not be

obtainable through another witness, such as a claims adjuster. Telamon's request that the depositions taken by Insurers' counsel not be admitted into evidence at the trial of this matter is similarly premature, as that motion is contingent upon the court's finding that Insurers' counsel is a necessary witness at trial.

For the reasons set forth above, Telamon's Motion to Disqualify Counsel (Docket # 42) is **DENIED**. Telamon may raise this issue again within forty-five (45) days of the trial of this cause if it appears that Insurers' counsel will, in fact, be necessary witnesses at trial.

**SO ORDERED** this 20th day of August 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.